```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| YVONNE FROST,<br><br>       Plaintiff,<br><br>   -against-<br><br>NYPD; NYC MTA; CITY OF NEW YORK (HRA),<br><br>       Defendants. | 19-CV-8705 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 6, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she writes "Different Treatment." (ECF No. 2, at 2.) Plaintiff lists the place of occurrence as "Bronx, New York," and the date of occurrence as September 17, 2019. (*Id.* at 5.) Among other allegations, Plaintiff asserts the following:

> 'G' is married. I am asking the court to look into it. There is no grounds for it. The marriage is just like all the others – the basis my money.
>
> There are several components and on different scenes in our lives/lifestyle that makes good for a movie, clips, video theatres, clothes, shoes, etc. I would like to ask the court to order no trademark of us/picture/logo be used without permission.

(*Id.* at 5-6.)

> Hundreds of people mostly women and children from G's past relationships bombarded me on the train this morning coming after money. I see them as old stock – no good – no basis. They are all after my money and almost drove me crazy and got me wrong on the train.
>
> I was put in harm's way. I was sent on a job that would have left me dead. I had no idea of the duties until I got on the job. A lot of it was weighed on my weight/cleanliness. It was unfair for authorities to use me this way. I would like to be compensated by the NYC MTA.

(*Id.* at 7.)

Plaintiff seeks declaratory and injunctive relief, and money damages. (*Id.* at 6, 9.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed a total of 27 actions during the period from September 16, 2019, through October 21, 2019. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 (S.D.N.Y. Nov. 5, 2019) (listing cases). In light of Plaintiff's abuse of the privilege of proceeding IFP, by order dated November 7, 2019, the Court barred Plaintiff under 28 U.S.C. § 1651 from filing future civil actions IFP in this Court without obtaining from the Court leave to file. Frost v. City of New York (HRA), ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). This action was received prior to the bar order.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket.[1]

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The November 7, 2019 bar order remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 18, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge